PASCAL P. PRATT AND OTHERS, APPELLANTS, v. WILLIAM A. STEVENS AND OTHERS, RESPONDENTS.

*General assignment — requisites of the affidavit to the inventory, by the debtor — Chap. 466 of 1877.*

Where the inventory required by section 3 of chapter 466 of 1877, to be presented to the county judge by a debtor who has made a general assignment, is verified by the debtor, the affidavit must be an absolute one that the inventory is in all respects just and true. An affidavit to the effect that the inventory is just and true " to deponent's best knowledge, information and belief " is insufficient.

A general assignment rendered void by a failure to file an inventory, as required by section 3 of chapter 466 of 1877, is not rendered valid by the subsequent repeal of the said section.*

APPEAL from a judgment in favor of the defendants, entered on the report of a referee.

*Sherman S. Rogers*, for the appellants.

*James Wood*, for the respondents.

DWIGHT, J.:

This is an action in the nature of a creditor's bill to set aside a general assignment chiefly for the want of an inventory made and filed in compliance with the statute.

The assignment was executed in January, 1878, before the amendment of that year in the statute regulating general assignments (chap. 466 of 1877); and when the statute, after prescribing the requisites of an inventory, went on to provide as follows : " In case an inventory shall not be made and filed within thirty days by the debtor or the assignee, the assignment shall be void."

Among the prescribed requisites of the inventory which is thus to be made and filed, is an affidavit to be made by the debtor that the inventory " is in all respects just and true," or by the assignee that the same " is in all respects just and true, to the best of his knowledge and belief." The inventory in this case was verified by

---

* See chapter 318 of 1878.

the debtors, and the affidavit was to the effect that the inventory was just and true " to deponent's best knowledge, information and belief."

If this was a verification at all, it certainly was not the verification required by the statute. It is not even such as the statute requires of the assignee in case the inventory is made by him; that is required to be verified to the best of his knowledge and belief.

The affidavit required of the debtor is an absolute one that the inventory is in all respects just and true. This is an affidavit which can properly be made only by one who knows, of his own knowledge, the truth of all matters which he assumes to verify. And the fact that the statute prescribes another verification for the assignee, in case the inventory is made by him, indicates that the difference is not a matter of form, but of substance. The debtor is supposed to *know* whereof he affirms; if he does not know, he cannot make the affidavit required of him. In that case the assignee may verify the inventory, and of him the absolute verification is not required; he may verify upon the best of his knowledge and belief.

The statute provides that in case an inventory shall not be made and filed within thirty days, by the debtor or the assignee, the assignment shall be void.

The question is, what will satisfy the requirement of " an inventory ?" Plainly, not any paper which the parties may produce and please to call an inventory, but a paper containing all the substantial requisites prescribed by the statute. Among these requisites is an affidavit, and an affidavit of a particular character; and so special is the requirement in this particular, that one affidavit is prescribed for the debtor and another for the assignee. This affidavit is wanting in this case. There is an affidavit, but it differs substantially from that required. We think it must be held that the paper so verified was not the inventory required by the statute, and that for want of such an inventory the assignment was void.

The position suggested by counsel for the respondents, that the provisions of the act of 1877, declaring an assignment void for want of an inventory, only imposed a penalty, and that the repeal of that provision before this action was commenced, divested the plaintiffs' right to enforce the penalty, is clearly untenable.

An assignment made under the provisions of the act of 1877 was governed by those provisions and, being void by that statute when it was made, it cannot be rendered valid by a subsequent modification of the statute.

If these views are correct, the referee erred in dismissing the plaintiffs' complaint, and the judgment must be reversed and a new trial ordered, with costs to abide the event.

SMITH, P. J., and HARDIN, J., concurred.

So ordered.